UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TWANNA WILLIAMS** ) | **JURY TRIAL DEMANDED** |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. |
| ) | |
| **LVNV FUNDING, LLC. DBA RESURGENT** ) | |
| **CAPITAL SERVICES** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.     INTRODUCTION

1. This is an action for actual and statutory damages brought by Twanna Williams, Plaintiff, an individual consumer, against Defendant LVNV FUNDING, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.     JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper in that the Defendants transacts business in Stone Mountain, Dekalb County, Georgia, and the conduct complained of occurred in Stone Mountain, Dekalb County, Georgia.

### III. PARTIES

4. Plaintiff Twanna Williams (hereinafter "Ms. Williams") is a natural person residing in Stone Mountain, Georgia.

5. Ms. Williams is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

6. Upon information and belief, Defendant LVNV FUNDING, LLC. is a South Carolina based debt collection company.

7. Defendant LVNV FUNDING, LLC. is engaged in the collection of debt from consumers using the mail and telephone.

8. Defendant LVNV FUNDING, LLC. regularly attempts to collect consumers' debts alleged to be due to others.

### IV. FACTS OF THE COMPLAINT

9. Defendant LVNV FUNDING, LLC. (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Ms. Williams is alleged to owe a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5), and the alleged debt at issue arose from a transaction entered into primarily for personal use.

11. On February 10, 2025, Ms. Williams mailed a refusal to pay letter to Defendant via certified mail.

12. On February 12, 2025, Ms. Williams received notification from USPS that Plaintiff's letter had been delivered to Defendant.

13. Despite receiving the refusal to pay, on or about February 15, 2025, Ms. Williams received a dunning letter from Resurgent Capital Services, which was attempting to collect on the alleged debt owed to Defendant.

14. Defendant violated the FDCPA § 1692c(c) by continuing collection efforts after receiving Ms. Williams refusal to pay letter.

15. Defendant is liable for the actions of Resurgent Capital Services under the FDCPA, as Resurgent Capital Services acted as Defendant's agent in attempting to communicate with Ms. Williams and collect the debt.

16. Defendant's actions were meant to coerce Ms. Williams into paying the debt.

17. Ms. Williams has suffered actual damages as a result of these illegal collection communications by Defendant in the form of invasion of privacy, intrusion upon seclusion, anger, anxiety, decreased productivity at work, frustration, and other negative emotions.

## V.   FIRST CLAIM FOR RELIEF
### 15 U.S.C. §1692c(c)
### (Defendant)

18. Ms. Williams re-alleges and reincorporates all previous paragraphs as if fully set out herein.

19. Defendant violated the FDCPA.

20. Defendant's violations include, but are not limited to, the following:

    Defendants violated 15 U.S.C § 1692c(c) of the FDCPA by failing to cease further communication through Resurgent Capital Services with Ms. Williams after she notified them in writing that she refused to pay the debt.

21.  As a result of the above violations of the FDCPA, the Defendant is liable to Ms. Williams for actual damages, statutory damages, and costs.

## VI.  JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

By: /s/ Naja I. Hawk
**NAJA I. HAWK**
Pleadings@thehawklegal.com
**The Hawk Legal Collective**
730 Peachtree Street NE, #570
Atlanta, GA 30308
Phone: (404) 439-9310
Georgia Bar No. 916396
***Counsel for Plaintiff***